IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HASAN ALI HASAN, )<br>Defendant. ) | Case No. 05-CR-174-JHP |

## **ORDER**

This matter comes before the Court on the Defendant's Motion to Disqualify Government Counsel (Docket No. 70)[1] and Government's Motion in Limine regarding Grand Jury Transcripts (Docket No. 73)[2]. Having carefully reviewed the pleadings herein, being fully aware of the sequence of events and hearing the arguments of counsel, this Court finds the Government's Motion in Limine regarding Grand Jury Transcripts (Docket No. 73) should be granted and the Defendant's Motion to Disqualify Government Counsel (Docket No. 70) should be denied.

---

[1] The government filed a Response (Docket No. 71) on March 31, 2006, and the defendant filed a Reply (Docket No. 77) on April 6, 2006. The defendant's reply incorporates the Defendant's Offer to Stipulate to Corrected Transcripts or, in the alternative, Motion for Court Review and Correction of Grand Jury Transcripts prior to evidentiary use (Docket Nos. 41 and 42).

[2] The defendant filed a Response (Docket No. 84) on April 11, 2006.

## Historical Background

On January 10, 2006, the defendant filed a Motion to Suppress Evidence and Dismiss Indictment with Brief in Support (Docket No. 12). Attached to said motion was a copy of the Grand Jury Transcripts (hereinafter referred to as the original transcripts) relating to this case from April 5, 2005, and November 7, 2005. On February 21, 2006, the Defendant filed an Offer to Stipulate to Corrected Transcripts or, in the Alternative, Motion for Court Review and Correction of Grand Jury Transcript Prior to Evidentiary Use at Trial (Docket No. 40). On February 23, 2006, a Motion Hearing was held which dealt primarily with the Defendant's Motion for the Court to Appoint an Interpreter. At the conclusion of that hearing, the government indicated they would agree to have the changes made to the original grand jury transcripts which had been requested by the defendant.

Subsequent thereto, on March 14, 2006, a Pretrial Hearing was held in which all pending motions were discussed. The Court was advised that the defendant's motion for the court to review the transcripts was moot since the government was in the process of obtaining updated transcripts, which would be completed by March 15, 2006 (Docket No. 60).

According to defense counsel, on March 17, 2006, Assistant United States Attorney Stephen Sewell advised defense counsel the corrected transcripts were

available for pick up. Copies of the revised grand jury transcripts were attached to the defendant's reply regarding his motion to disqualify government counsel filed herein on April 6, 2006 (Docket No. 77).

On April 11, 2006, this Court ordered the defendant to identify all changes made to the grand jury transcripts which were filed on April 6, 2006. Other than the changes originally requested by defense counsel, the only changes to the transcripts were the word "AD" which was changed to "Aidid" in questions asked by the prosecutor. The government indicates in its second response in opposition to defendant's motion to disqualify government counsel that the only changes they requested the court reporter to make were those requested by defense counsel's offer to stipulate[3]. Apparently, however, the court reporter, by automation, inadvertently replaced every "AD" with the word "Aidid."

<u>Motion in Limine regarding Grand Jury Transcripts</u>

At the pretrial hearing on March 14, 2006, the government, as indicated above, agreed to stipulate to the changes to the grand jury transcript which the defendant requested. Arrangements were made by the government to have those changes made. Once changes were made to the transcript, the defense objected saying the changes were not accurate. Thereafter, the United States notified the Court that the parties had

---

[3]The same representations were made by the government at the pretrial hearing held herein on April 24, 2006.

been unable to reach a stipulation. As a result, the government filed a motion *in limine* requesting that this Court preclude any reference to the second set of grand jury transcripts which both parties agree do not accurately reflect the defendant's testimony before the grand jury. The defendant argues, pursuant to the Fed.R.Evid. 613, since the court reporter certified both the original grand jury transcripts and the revised grand jury transcripts, she has made prior inconsistent statements and the defendant must, in order to receive a fair trial, be allowed to cross examine her on the inconsistencies.

This Court fails to see how the defendant will be denied a fair trial if he is not allowed to admit the revised version of the original transcripts, especially since even the defendant admits the revised transcripts are not correct and since any changes made to the transcripts were, at least, initiated by the defendant's request to correct the original transcripts. To the extent that the defendant believes the original transcripts do not accurately reflect the testimony, he has the ability to have the audiotapes transcribed and present his transcribed version to the jury. Additionally, the defendant may cross examine the court reporter regarding any errors he believes are contained in the original transcripts. The defendant will not, however, be allowed to introduce,

discuss or admit the revised version of the original transcription or any portion thereof.[4]

## Motion to Disqualify Government Counsel

Defendant argues because the issues relating to what was said before the grand jury will be contested at trial, Scott Woodward, is a necessary witness in the trial of this case. Since Stephen Sewell had some role in obtaining the revised transcripts, defendant argues Mr. Sewell is in the "chain of custody" of the revised transcripts and therefore, has also become a necessary witness.[5] In light of this Court's prior ruling regarding the grand jury transcripts, the only issue left to resolve is whether Mr. Woodward and/or Mr. Sewell should be disqualified from prosecuting the defendant simply because they were present and/or participated in the grand jury proceedings.

It is undisputed that the government has a substantial interest in not allowing their prosecutors to testify since their testimony in a case would necessarily require disqualification of the prosecutor. *United States v. Wooten*, 377 F.3d 1134, 1142 (10th Cir. 2004). *See also*, ABA Model Rules of Professional Conduct Rule 3.7 (prohibiting

---

[4] This Court considered throwing out both the original transcripts and the revised transcripts and requiring the government to hire a court reporter to complete a third version of the transcripts which would be the only version admitted at trial. However, after considering that this court reporter was present during the actual grand jury proceedings and took simultaneous recorded notes of the proceedings on her stenotype machine as she heard the questioning, this Court believes the best evidence of what occurred during the grand jury proceedings is the stenographer's original transcription aided by the audiotapes which the court reporter made as a backup of her machine shorthand notes.

[5] At the pretrial conference held on April 24, 2006, Mr. Woodward advised the court that Mr. Sewell was also present during the grand jury proceedings.

a lawyer from serving as an advocate and a witness). Where the prosecutor does not possess information vital to the defense, the district court may refuse to allow the defendant to call the prosecutor as a witness. *United States v. Troutman*, 814 F.2d 1428, 1439 (10th Cir. 1987). As a general rule, where the evidence can be obtained through another witness courts have refused to allow the defendant to call the prosecutor. *Id. See also*, *United States v. Watson*, 952 F.2d 982, 986-87 (8th Cir. 1991).

In this case, defense counsel initially sought to subpoena Mr. Woodward solely because he had asked the defendant questions before the grand jury. Thus, defendant argued Mr. Woodward was an essential witness to what occurred in the grand jury room. However, the only relevant information that occurred within the grand jury room is contained within the grand jury transcripts. Simply because Mr. Woodward asked questions of the defendant during the grand jury proceedings does not make Mr. Woodward any more of an essential witness in this particular case than in any other type of case. Additionally, Mr. Sewell's mere presence in the grand jury room does not make him an essential witness in this case. As discussed previously, the defendant is free to call the court reporter who was present during the grand jury proceedings to amplify anything he believes is not contained in the grand jury transcripts or that he believes is in error in those transcripts. Further, the defendant, as in any case where

the grand jury transcripts are alleged to be incorrect, has the right to have the audiotapes transcribed and present the jury with his own transcript of the grand jury proceedings. Accordingly, this Court finds the defendant has failed to establish that either Mr. Woodward or Mr. Sewell are essential witnesses that are vital to the defense. Based upon the proceedings before this Court to date, however, government counsel is advised that they shall not, either in opening or closing statements or during the cross examination of witnesses herein, make any improper suggestions, insinuations, or assertions of personal knowledge regarding what occurred in the grand jury proceedings. *See*, *United States v. Prantil*, 764 F.2d 548, 552-556 (9th Cir. 1985). For the reasons stated, the defendant's Motion to Disqualify Government Counsel is hereby overruled.

It is so ordered on this 2nd day of May, 2006.

*[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma