IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-CR-174-JHP |
| | ) | |
| HASAN ALI HASAN, | ) | |
| Defendant. | ) | |

## **ORDER**

This matter comes before the Court, following remand by the Tenth Circuit
Court of Appeals, to "ascertain whether the factors that motivated [this Court] to
reconsider its ruling about the necessity of an interpreter at trial also pertain to the
grand jury context." Dkt. No. 177, at p. 3.  As noted by the Tenth Circuit, the Court
Interpreters Act, 28 U.S.C. § 1827(d)(1) requires appointment of an interpreter when
the defendant "speaks only or primarily a language other than the English language"
such that his ability to comprehend and communicate during the proceedings is
inhibited. *Id.*, at p. 7.

In this particular case, the Defendant was summoned before the grand jury on
two separate occasions, April 5, 2005 and November 7, 2005.  On both occasions, the
Defendant was advised in English of his rights and when asked by the Government
if he understood what he had just been told, the Defendant unequivocally responded,

"Yes."[1]  Further, the Defendant never requested an interpreter during the grand jury proceedings and the totality of the transcripts from both proceedings convince this court that the Defendant's testimony before the grand jury was not rendered "fundamentally unfair" by the lack of an interpreter during those proceedings.

While this Court found the defendant had a working knowledge of English such that he could receive a fundamentally fair trial without the use of an interpreter,[2] the Court nonetheless exercised its discretion under Fed.R.Crim.P. 28 to appoint an interpreter because of the pace that the trial would, out of necessity, proceed.  *See*, Dkt. 85, at p. 8.  Although the Defendant was able to ask questions when he appeared before the grand jury if he did not understand a word or a phrase, this Court was concerned about the difficulty which would have been encountered while attempting to ensure that the defendant was able to quickly stop the questioning at trial or the arguments of counsel which might contain legal jargon to ask for clarification without missing something.  Furthermore, to the extent an interpreter was available, the Defendant had the opportunity to hear the proceedings in English and again in Somalian.  Thus, the

---

[1]These rights included advising the Defendant that he had a constitutional right to refuse to answer any question on the ground it might incriminate him and that he had the right to be represented by an attorney and that he could consult with an attorney outside of the Grand Jury room before answering any question.  *See*, Grand Jury Testimony taken on April 5, 2005, at pp. 2-4 and Grand Jury Testimony taken on November 7, 2005, at pp. 2-4.

[2]This Court never explicitly overruled any of its factual findings regarding the Defendant's ability to communicate in English nor did it intend, by appointing an interpreter at trial, to implicitly overrule any of those findings.  There should be no doubt from all of the factual findings previously entered herein that the primary language utilized by the Defendant in the performance of his daily life functions was English.  Specifically, the evidence was uncontroverted that the Defendant communicated with 1) his employers, 2) students on his bus routes and 3) his wife, in English.

Court felt confident that an interpreter at trial would assist the Defendant, whose formal education[3] appears to have ended when he was ten (10) years old, when the questioning became rapid or legal jargon was used that the Defendant most likely never learned due to his limited formal education.

Therefore, based on the record herein, this Court finds, both at the time of trial and during the grand jury proceedings, 1) the Defendant spoke primarily English and 2) the Defendant's comprehension or communication was not inhibited by his limited educational abilities such that he was deprived of "fundamental fairness" during the grand jury proceedings because he was not provided with an interpreter.  Rather, the government took the time to explain words when the Defendant indicated he did not know the meaning of a particular word used.  Additionally, the fact that the Defendant waived the services of an interpreter when he was interviewed by the probation officer shortly after the grand jury proceedings, leads this Court to conclude (1) the Defendant did not speak only or primarily a language other than English, (2) so that his ability to comprehend and communicate during the grand jury proceedings was inhibited.

Dated this 3rd of July, 2008.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma

---

[3]According to the evidence before this Court, the schools were closed when Defendant was ten and the only other formal education the Defendant had after that time was five (5) English proficiency courses.  *See*, Transcript of Motion Hearing held on February 23, 2006 at p. 69 and Transcript of Grand Jury Testimony from April 5, 2005, at p. 41.